IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VINCENT L. BAKER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-182 |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dep't of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DENY
PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging disciplinary proceeding 2014153206, which petitioner says occurred on May 28, 2014, and which resulted in the loss of 100 days of good-time credit.[1] The proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner remained incarcerated at the Clements Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner fails to specify his holding offense, and indicates in section 16 that he *is* eligible for mandatory supervised release. The Offender Information Details maintained by the Texas Department of Criminal Justice, however, reflects

---

[1] Petitioner also received a reduction in line status, 5 days placement in solitary confinement, and 45 days of cell, commissary, and property restriction.

petitioner is currently incarcerated on a 1987 conviction for aggravated robbery with serious bodily injury and resultant sixty-year sentence; as well as a 1993 conviction and resultant twenty-five year sentence for aggravated assault on a correctional officer.[2]

Petitioner's conviction for aggravated assault renders him ineligible for mandatory supervised release pursuant to the mandatory supervision statute in effect when Petitioner committed aggravated assault.  *See* Tex. Penal Code Ann. § 22.02 (West 1990); Tex. Code Crim. Proc. Art. 42.18 § 8(c)(5) (West 1990) (requiring that "[a] prisoner may not be released to mandatory supervision . . . if the prisoner is serving a sentence for a second degree or third degree felony under Section 22.02, Penal Code (Aggravated Assault)").  Therefore, even though petitioner lost previously earned good-time credit as a result of the disciplinary proceeding, he cannot challenge the disciplinary adjudication by way of a federal petition for writ of habeas corpus.  *See Malchi*, 211 F.3d at 958.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner VINCENT L. BAKER be DENIED.

---

[2] The Court takes judicial notice of the record in *Baker v. Dretke*, Civil Action No. 7:05-CV-114 in the United States District Court for the Northern District of Texas, Wichita Falls Division, noting that Petitioner is in lawful custody of Respondent pursuant to a 1987 judgment and sentence of the Criminal District Court Number 2 of Tarrant County, Texas, in Cause No. 0290544D, styled *The State of Texas v. Vincent L. Baker*; and also pursuant to a 1993 judgment and sentence (to be served consecutively with the prior sentence) of the 3rd Judicial District Court of Anderson County, Texas, in Cause No. 22665.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of September, 2014.

                                                CLINTON E. AVERITTE
                                                UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).